IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 10-CR-30167-DRH |
| | ) | |
| ARTHUR H. CONWAY, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER FOR FORFEITURE PURSUANT
TO FED.R.CRIM.P. 32.2 WITH RESPECT TO
<u>CERTAIN COMPUTER EQUIPMENT OF ARTHUR H. CONWAY</u>**

In the Indictment filed in the above cause on September 22, 2010, the United States sought forfeiture of property of defendant, Arthur H. Conway, pursuant to 18 U.S.C. § 2253. The court, upon consideration of the finding of guilt in this matter, hereby finds by a preponderance of the evidence that the following property is forfeitable and hereby orders forfeited the following property:

> **One Dell Inspiron computer Model E1405 bearing serial number CT1TQB1 and one two gigabyte Sandisk Cruzer Flash Drive.**

The United States shall provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consistent with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the

petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States shall, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as a substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the Custodian for the Federal Bureau of Investigation shall seize and reduce to his possession, if he has not already done so, the above-described property.

The Court finds that said property is forfeitable; however, the United States may, at its discretion, proceed with the destruction of said property without completing the forfeiture process against same.

The United States may abandon forfeiture of the property by filing notice of same with the Court.

If the property is already the subject of an administrative forfeiture proceeding, the United States may, at its option, complete said administrative forfeiture or, if the administrative forfeiture has already been completed, rely on said administrative forfeiture to dispose of the property without completing the criminal forfeiture process. Should any such administrative forfeiture later be set aside, then the United States may proceed to complete the criminal forfeiture process against the property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Arthur H. Conway at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time.  This Order shall be made part of the sentence of  Defendant Arthur H. Conway and shall be included in the Judgment imposed against said Defendant.  This Order is a final order with respect to said Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

**DATE: February 3, 2011**

David R. Herndon
2011.02.03
14:24:28 -06'00'

**Chief Judge**
**United States District Court**